# Supreme Court of Florida

_____

No. SC2024-1778

_____

**IN RE: AMENDMENTS TO FLORIDA RULES OF GENERAL PRACTICE AND JUDICIAL ADMINISTRATION.**

September 11, 2025

PER CURIAM.

The Florida Bar's Rules of General Practice and Judicial Administration Committee filed a report proposing amendments to Florida Rules of General Practice and Judicial Administration 2.215 (Trial Court Administration), 2.265 (Municipal Ordinance Violations), and 2.430 (Retention of Court Records).[1]  The Committee published the proposal for comment, as did the Court. The Court received one comment, and the Committee amended the proposal in response to the comment.

We amend rules 2.215, 2.265, and 2.430, as updated by the Committee in response to the comment.  For rule 2.215, we amend

---

1.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b)(1).

subdivision (e) to require the circuit courts to keep the current local court rules and administrative orders on their websites and to make copies of current, rescinded, or vacated local court rules and administrative orders available for inspection or available for duplication upon payment.

Next, we amend rule 2.265 to delete from subdivision (b) a sentence discussing the assessment of court costs, and we delete subdivision (c), which addresses collection of outstanding fines, because both of these are set by statute.

Finally, we amend rule 2.430 to change "permanently recorded records" to "electronic records," and "records not permanently recorded" to "records retention schedule." This ensures that electronic records are made permanent, instead of being held under the retention schedule, and makes clear that the retention schedule applies to items that are digitally imaged.

Additionally, changes are made throughout the rules in accord with *In re Guidelines for Rules Submissions*, Florida Administrative Order No. AOSC22-78 (Fla. Oct. 24, 2022).

The Court hereby amends the Florida Rules of General Practice and Judicial Administration as reflected in the appendix to

this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments to the rules shall become effective December 1, 2025, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of General Practice and Judicial Administration

Michael Robert Ufferman, Chair, Rules of General Practice and Judicial Administration Committee, Tallahassee, Florida, Hon. Santo DiGangi, Past Chair, Rules of General Practice and Judicial Administration Committee, West Palm Beach, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, and Kelly Noel Smith, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

Chief Judge Shawn Crane, on behalf of the Sixth Judicial Circuit of Florida, Clearwater, Florida, Chief Judge John L. Miller, on behalf of the First Judicial Circuit of Florida, Pensacola, Florida, Chief Judge Christopher C. Sabella, on behalf of the Thirteenth Judicial Circuit of Florida, Tampa, Florida, Chief Judge Bonnie Helms, on behalf of the Sixteenth Judicial Circuit of Florida, Key West, Florida, Chief Judge Jack Tuter, on behalf of the Seventeenth Judicial Circuit of Florida, Fort Lauderdale, Florida, Chief Judge Charles Crawford, on behalf of the Eighteenth Judicial Circuit of Florida, Viera, Florida, and Chief Judge Charles A. Schwab, on behalf of the Nineteenth Judicial Circuit of Florida, Fort Pierce, Florida,

Responding with comments

# APPENDIX

## RULE 2.215.  TRIAL COURT ADMINISTRATION

**(a) – (d)**   [No Change]

**(e)   Local Rules and Administrative Orders.**

(1)    Local court rules as defined in rule 2.120 may be proposed by a majority of the circuit and county judges in the circuit. The judges must notify the local bar within the circuit of the proposal, after which they must permit a representative of the local bar, and may permit any other interested person, to be heard orally or in writing on the proposal before submitting it to the supreme court for approval. When a proposed local rule is submitted to the supreme court for approval, the following procedure applies.

(A) – (E)    [No Change]

(F)    ~~The clerk of the circuit court where the local court rules take effect must index and record a copy in each applicable county of that circuit. A set of the recorded copies must be readily available for inspection as a public record and copies must be provided to any requesting party on payment of the cost of duplication.~~ The chief judge of the circuit must publish ~~the~~<u>current</u> local court rules <u>on the circuit court's website and make copies of the current, vacated, or rescinded local court rules available for inspection as a public record and provide to any requesting party on payment of the cost of duplication</u>. The clerk of the supreme court must furnish copies of each approved local court rule to the executive director of The Florida Bar.

(2)    [No Change]

(3)    ~~The clerk of the circuit court where the administrative order takes effect must index and record all administrative orders of a general and continuing nature and other orders designated by the chief judge in each county where the orders are effective. A set of the recorded copies must be readily~~

~~available for inspection as a public record and copies must be provided to any requesting party on payment of the cost of duplication.~~ The chief judge of the circuit must publish ~~all~~current administrative orders ~~of a general and continuing nature~~ on the circuit~~'s~~ court's website and retain copies of the current, vacated, or rescinded administrative orders to be available for inspection as a public record and provided to any requesting party on payment of the cost of duplication. The chief judge must direct a review of all local administrative orders on an annual basis to ensure that the set of copies maintained by the clerk remains current and does not conflict with supreme court or local rules.

(4)   [No Change]

**(f) – (j)**   [No Change]

### Committee Notes

[No Change]

### Court Commentary

[No Change]

### Criminal Court Steering Committee Note

[No Change]

## RULE 2.265. MUNICIPAL ORDINANCE VIOLATIONS

**(a) References to Abolished Municipal Courts.** All references to a municipal court or municipal judge in rules promulgated by the supreme court, in the Florida Statutes, and in any municipal ordinance ~~shall be deemed to~~ refer, respectively, to the county court or county court judge.

**(b) Costs in County Courts.** The chief judge of a circuit ~~shall~~must by administrative order establish a schedule of court costs~~,~~ in conformity with ~~any provisions of law,~~Florida law to be assessed against a defendant in the county court and paid to the

county for violations of municipal ordinances which are prosecuted in county court. ~~The costs shall be assessed as a set dollar amount per conviction, not to exceed $50 excluding any other statutory costs.~~

~~**(c) Collection of Outstanding Fines.** All cases for which outstanding fines, civil penalties, and costs are being collected by a municipality shall be retained by the municipality until collected or until the offender defaults on payment. If a default occurs, the municipality may institute summary claims proceedings to collect the outstanding fines.~~

**(d~~c~~) Style of Municipal Ordinance Cases.** All prosecutions for violations of municipal ordinances in county court ~~shall~~must have the following style: City of .................... v. ....................

# RULE 2.430.  RETENTION OF COURT RECORDS

**(a)    Definitions.** The following definitions apply to this rule~~:~~.

(1) – (2)    [No Change]

(3)    "~~Permanently recorded~~Electronic court records" means ~~that a document has been microfilmed, optically imaged, or recorded~~records that have been placed ont~~o~~ an electronic record keeping system in accordance with standards adopted by the Supreme Court of Florida.

**(b)    ~~Permanently Recorded~~Electronic Records.**

(1)    After court records have been ~~permanently recorded~~converted into electronic documents per rule 2.525(c)(4), the clerk may destroy or otherwise dispose of them any time after a judgment has become final, except exhibits or any record required to be kept in another form by any other rule. The clerk must maintain the recorded electronic court records under the retention schedule in subdivision (c) below.

(2)    The clerk may destroy, retain, or dispose of any physical media submitted to the clerk for the purpose of filing

information contained in the media after the contents of the media have been made a part of the court records. The clerk must maintain the court records under the retention schedule in subdivision (c) below.

(c) **Records ~~Not Permanently Recorded~~Retention Schedule.** ~~No court records under this subdivision may be destroyed or disposed of until the final order, final docket entry, or final judgment is permanently recorded for, or recorded in, the public records~~Court records, except exhibits, may be destroyed or disposed of in accordance with the following schedule after a judgment has become final. The time periods do not apply to any action in which the court orders the court records to be kept until the court orders otherwise. When an order is entered to that effect, the progress docket and the court file must be marked by the clerk with a legend showing that the court records are not to be destroyed or disposed of without a further order of court. Any person may apply for an order suspending or prohibiting destruction or disposition of court records in any proceeding. ~~Court records, except exhibits, that are not permanently recorded may be destroyed or disposed of by the clerk after a judgment has become final in accordance with the following schedule~~The retention schedule is as follows.

(1) – (3)     [No Change]

**(d) – (k)**     [No Change]